IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00535-MR
CRIMINAL CASE NO. 3:08-cr-00254-MR-1

| | |
|---|---|
| BOBBY ARION DINKINS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's motion requesting that the Court enter an order holding this action in abeyance. [CV Doc. 4].[1] Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. According to Petitioner's motion, the Government does not object to the request. [Id.].

Petitioner was convicted by plea of robbery affecting interstate commerce, 18 U.S.C. § 1951, and possession of firearm by a felon, 18 U.S.C. § 922(g). [CR Doc. 24]. The presentence report ("PSR") indicated

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 3:16-cv-00535-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 3:08-cr-00254-MR-1.

that Petitioner had prior qualifying North Carolina convictions that triggered the career offender enhancement under U.S.S.G. § 4B1.2 and the armed career criminal designation under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court subsequently sentenced Petitioner to a total term of imprisonment of 252 months. [Id.].

On June 16, 2016, Petitioner placed the *pro se* petition in the prison system for mailing. [CV Doc. 1]. In his *pro se* petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his career offender and armed career criminal designations were improper and thus his sentence is unlawful. [Id.].

On July 8, 2016, the Court entered an order giving the Federal Defender sixty days in which to review Petitioner's case and to file a supplement, if any, to Petitioner's motion to vacate. [CV Doc. 2]. On August 22, 2016, the Federal Defender filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. In support of the motion to stay, counsel states that counsel has reviewed Petitioner's case and has determined that Petitioner's claim for relief turns, in part, on the outcome of the Supreme Court case of Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 1-2]. One of the questions presented in Beckles is whether Johnson applies retroactively to

2

cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the reasons given by Petitioner, and without objection by the Government, the Court concludes that the motion to stay should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to place this case in abeyance, [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, defense counsel shall have 60 days from the date the Supreme Court decides Beckles within which to file a supplement to the motion to vacate in this matter.

**IT IS SO ORDERED.**   Signed: August 24, 2016

Martin Reidinger
United States District Judge